**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

-------------------------------------------------------------X

MARY CONNER, Individually and as the
representative of a class of similarly situated persons,

Plaintiffs,

Case No. 22-cv-

- against -

WATERBEAN COFFEE LLC,

Defendant.

-------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Mary Conner ("Plaintiff" or "Conner"), brings this action on behalf of herself and all other persons similarly situated against Waterbean Coffee LLC (hereinafter "Waterbean" or "Defendant"), and states as follows:

2. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision; others have no vision.

3. Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report.

4. Plaintiff brings this civil rights action against Waterbean for their failure to design, construct, maintain, and operate their website to be fully accessible to and independently

1

usable by Plaintiff and other blind or visually-impaired persons. Defendant is denying blind and visually-impaired persons throughout the United States with equal access to the goods and services Waterbean provides to their non-disabled customers through http//:www.Waterbean.coffee (hereinafter "Waterbean.coffee" or "the website"). Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (the "ADA").

5. Waterbean.coffee provides to the public a wide array of the goods, services, price specials, employment opportunities and other programs offered by Waterbean. Yet, Waterbean.coffee contains thousands of access barriers that make it difficult if not impossible for blind and visually-impaired customers to use the website. In fact, the access barriers make it impossible for blind and visually-impaired users to even complete a transaction on the website. Thus, Waterbean excludes the blind and visually-impaired from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind and visually-impaired persons to fully and independently access a variety of services.

6. The blind have an even greater need than the sighted to shop and conduct transactions online due to the challenges faced in mobility. The lack of an accessible website means that blind people are excluded from experiencing transacting with defendant's website and from purchasing goods or services from defendant's website.

7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has chosen

2

to rely on an exclusively visual interface. Waterbean's sighted customers can independently browse, select, and buy online without the assistance of others. However, blind persons must rely on sighted companions to assist them in accessing and purchasing on Waterbean.coffee.

8. By failing to make the website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

10. Plaintiff relocated to Charlotte, NC about a year ago and is eager to explore the City and learn about its diverse and inventive food scene. She learned that Waterbean is one of the leading chains of coffee shops in the Charlotte metropolitan area and she intended to learn more about Waterbean and make an online purchase of its quality, organic coffee products including the Drip/Medium Blossom Espresso and wanted to make an online order of a Paradise Iced Latte for pickup at a Waterbean shop closest to her on Waterbean.coffee. However, unless Defendant remedies the numerous access barriers on its website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use, and complete a transaction on Waterbean.coffee.

11. Because Defendant's website, Waterbean.coffee, is not equally accessible to blind and visually-impaired consumers, it violates the ADA. Plaintiff seeks a permanent injunction to cause a change in Waterbean's policies, practices, and procedures to that Defendant's website will become and remain accessible to blind and visually-impaired consumers. This complaint also

3

seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181 *et seq*., and 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 133(d)(2).

13. This Court also has supplemental jurisdiction over pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under State Law.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 144(a) because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District.

15. Defendant is registered to do business in the State of North Carolina and has been conducting business in North Carolina, including in this District. Defendant maintains Brick-and-mortar places of accommodation in this District which are subject to personal jurisdiction in this District. Defendant also has been and is committing the acts alleged herein in this District and has been and is violating the rights of consumers in this District and has been and is causing injury to consumers in this District. A substantial part of the act and omissions giving rise to Plaintiff's claims have occurred in this District.

## PARTIES

16. Plaintiff, is and has been at all relevant times a resident of Mecklenburg County,

State of North Carolina.

17. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(l)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Plaintiff, Mary Conner, cannot use a computer without the assistance of screen reader software. Plaintiff, Mary Conner, has been denied the full enjoyment of the facilities, goods and services of Waterbean.coffee, as well as to the facilities, goods and services of Defendant's brick and mortar locations, as a result of accessibility barriers on Waterbean.coffee.

18. Defendant, Waterbean Coffee LLC, is a North Carolina Domestic business corporation with its principal place of business located at 19420 Jetton Road, Cornelius, NC 28031.

19. Defendant owns and operates the Waterbean Coffee Shops (hereinafter, "Waterbean" or "Coffee Shops"), which is a place of public accommodation. Waterbean maintains nine Coffee Shops in the Charlotte metropolitan area.

20. Waterbean provides to the public important and enjoyable goods and services such as food, beverages, coffee and tea products, and merchandise. Defendant also provides to the public a website known as Waterbean.coffee which provides consumers with access to an array of goods and services offered to the public by the Waterbean, including, the ability to learn about the beverage and food items sold at the Coffee Shops, the ability to make online purchases of food and beverage products for pickup at the Coffee Shops and skip the line, and the ability to purchase coffee beans for home brewing – all with the click of a mouse. The Website also lets the visitor learn about promotions, and learn about Waterbean and information about the Coffee Shops' locations, and times of operation, among other features. The inaccessibility of Waterbean.coffee has deterred Plaintiff from learning more about Waterbean, from making an online purchase of its quality, organic coffee products including the Drip/Medium Blossom

5

Espresso, and from making an online purchase order of a Paradise Iced Latte for pickup at a Waterbean shop closest to her.

21. Defendant's locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant's website is a service, privilege, or advantage that is heavily integrated with Defendant's physical Coffee Shops and operates as a gateway thereto.

## NATURE OF THE CASE

22. The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike.

23. The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

24. For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind user is unable to access the same content available to sighted users.

25. Blind users of Windows operating system-enabled computers and devises have several screen-reading software programs available to them. Job Access With Speech, otherwise known as "JAWS" is currently the most popular, separately purchase and downloaded screen-reading software program available for blind computer users.

6

26. The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired persons. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible. Many Courts have also established WCAG 2.0 as the standard guideline for accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to: adding invisible alt-text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse, ensuring that image maps are accessible, and adding headings so that blind persons can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader.

### FACTUAL ALLEGATIONS

27. Defendant operates Waterbean in North Carolina and provides food, beverages, merchandise, and related products for sale, amongst other products and services.

28. Waterbean.coffee is a service and benefit offered by Waterbean Coffee LLC in North Carolina and throughout the United States. Waterbean.coffee is owned, controlled and/or operated by Waterbean Coffee LLC.

29. Waterbean.coffee is a commercial website that offers products and services for online sale that are available in the Coffee Shops. The online Coffee Shops allow the user to browse and learn about the products and services provided at the Coffee Shops, including learning about the different types and blends of coffee and tea products, the variety of food products, the

7

coffee bags, and provides the user with the ability to access the Coffee Shops and make purchases of food and beverage items, and other related products for pick up at one of the many Waterbean locations around Charlotte.

30. Among the features offered by Waterbean.coffee are the following:

(a) learning about Coffee Shops information including, allowing persons who wish to visit Waterbean to learn their location, hours of operation, and phone numbers;

(b) an online Coffee Shops, allowing customers to learn about and purchase food and beverage items for pickup as well as coffee, tea, and related products for delivery to their doorstep; and

(c) learning about the company, learning about shipping and return policies, learning about career opportunities, and learning about promotions.

31. This case arises out of Waterbean's policy and practice of denying the blind access to Waterbean.coffee, including the goods and services offered by Waterbean through Waterbean.coffee. Due to Waterbean's failure and refusal to remove access barriers to Waterbean.coffee, blind individuals have been and are being denied equal access to Waterbean, as well as to the numerous goods, services and benefits offered to the public through Waterbean.coffee.

32. Waterbean denies the blind access to goods, services and information made available through Waterbean.coffee by preventing them from freely navigating Waterbean.coffee.

33. Waterbean.coffee contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen-reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible drop-down menus, the lack of navigation links, the lack of adequate prompting and labeling, the denial of

8

keyboard access, empty links that contain no text, redundant links where adjacent links go to the same URL address, and the requirement that transactions be performed solely with a mouse.

34. Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen-reader can speak the alternative text while sighted users see the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Waterbean.coffee that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics (screen-readers detect and vocalize alt-text to provide a description of the image to a blind computer user). As a result, Plaintiff and blind Waterbean.coffee customers are unable to determine what is on the website, browse the website or investigate Waterbean's web pages and/or make purchases.

35. Waterbean.coffee also lacks prompting information and accommodations necessary to allow blind shoppers who use screen-readers to locate and accurately fill-out online forms. On a shopping site such as Waterbean.coffee, these forms include search fields to locate products, search fields used to select size and product features including hot or cold, type of milk, flavoring, and other add-ons, and fields used to fill-out personal information, including address and credit card information. Due to lack of adequate labeling, Plaintiff and blind customers cannot make purchases or inquiries as to Defendant's products, nor can they enter their personal identification and financial information with confidence and security.

36. Specifically, when Plaintiff, using JAWS, attempted to make a purchase, she encountered the following problems:

1. Plaintiff did not receive verbal notification when she attempted to add items to the shopping cart. When selecting the "Add to Cart" button nothing is announced and Plaintiff did not know if the button functions. Sighted persons can see that a product

9

was added to the shopping cart, but Plaintiff was not aware of this action and had no idea if the button functions or not. This is a critical error.

2. To make matters worse, the Shopping Cart symbol is mislabeled. Instead of announcing the word "cart," when Plaintiff navigated to the shopping cart symbol all she heard was a set of numbers.

3. Plaintiff was unable to change the quantity of any product. The Plus (+) and Minus (-) symbols to adjust the quantity of items is not properly text labeled. Plaintiff and other screen reader users only hear the words "unlabeled 0" when navigating to the symbols.

Consequently, Plaintiff and blind visitors to the website are unable to complete a transaction.

37. On Waterbean.coffee, blind customers are not aware if the desired products have been added to the shopping cart because the screen-reader does not indicate the type of product or quantity. Therefore, blind customers are essentially prevented from purchasing and product or booking any service on Waterbean.coffee.

38. Furthermore, Waterbean.coffee lacks accessible image maps. An image map is a function that combines multiple words and links into one single image. Visual details on this single image highlight different "hot spots" which, when clicked on, allow the user to jump to many different destinations within the website. For an image map to be accessible, it must contain alt-text for the various "hot spots." The image maps on Waterbean.coffee's menu page do not contain adequate alt-text and are therefore inaccessible to Plaintiff and the other blind individuals attempting to make a purchase. When Plaintiff tried to access the menu link in order to make a booking and purchase, she was unable to access it completely.

39. Moreover, the lack of navigation links on Defendant's website makes attempting to navigate through Waterbean.coffee even more time consuming and confusing for Plaintiff and blind consumers.

40. Waterbean.coffee requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard.

10

Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Waterbean.coffee's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently navigate and/or make purchases and bookings on Waterbean.coffee.

41. Due to Waterbean.coffee's inaccessibility, Plaintiff and blind customers must in turn spend time, energy, and/or money to make their purchases at a Waterbean. Some blind customers may require a driver to get to the Coffee Shops or require assistance in navigating the Coffee Shops. Unfortunately, Plaintiff could not even locate a Coffee Shops location on the website. By contrast, if Waterbean.coffee was accessible, a blind person could independently investigate products and programs and make purchases and/or reservations via the Internet as sighted individuals can and do. According to WCAG 2.0 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the website. Plaintiff must tab through every navigation bar option and footer on Defendant's website in an attempt to reach the desired service. Thus, Waterbean.coffee's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make purchases and bookings on Waterbean.coffee.

42. Waterbean.coffee thus contains access barriers which deny the full and equal access to Plaintiff, who would otherwise use Waterbean.coffee and who would otherwise be able to fully and equally enjoy the benefits and services of Waterbean in North Carolina and throughout the United States.

43. Plaintiff, Mary Conner, has made numerous attempts to complete a booking and make a purchase on Waterbean.coffee, most recently on October 1, 2022, but was unable to

11

do so independently because of the many access barriers on Defendant's website. These access barriers have caused Waterbean.coffee to be inaccessible to, and not independently usable by, blind and visually-impaired persons. Amongst other access barriers experienced, Plaintiff was unable to learn more about Waterbean, unable to make an online purchase of its quality, organic coffee products including the Drip/Medium Blossom Espresso, and unable to make an online order of a Paradise Iced Latte for pickup at a Waterbean shop closest to her.

44. Moreover, if Defendant removes the access barriers that currently exist on the Website, Plaintiff will definitely visit the Website in the future to inquire about additional coffee products for delivery to her doorstep. Defendant's products are well known for their organic beans and quality of product. Defendant often adds new products to its menu of coffees and coffee bean products. If the website was accessible to the blind, Plaintiff will be able to visit Defendant's website and purchase coffee, snacks, and other related products for pick up at the closest Waterbean shop to her without the need to wait in line. Defendant has bought similar items from other (accessible) online vendors in the past since she likes to drink coffee at cafes and at home. However, since Defendant's products are superior to its competition, Plaintiff would continue to make purchases on Defendant's website if it was accessible. Unlike a brick-and-mortar facility, a website is instantly accessible at any moment, and, thus, an inability to make a purchase can only be attributed to access barriers (whereas for brick-and-mortal locations it can be attributed to proximity, travel time, etc.). *See Sanchez v. Nutco, Inc*., 10-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at *7 (S.D.N.Y. Mar. 22, 2022) (citing *Quezada v U.S. Wings, Inc*., 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7 2021)). Determining whether an ADA website accessibility complaint properly allege whether plaintiff lives in "close proximity" to a specific location makes no sense when goods can be browsed, bought, and delivered to Plaintiff's home through a website. Likewise, factual considerations of

12

an intent to return regarding a physical location, such as how often the plaintiff walks by the location, or how often they enter the facility, are not applicable. *Cf. Lopez v. Arby Franchisor, LLC*, 19-CV-10074 (VSB) 2021 U.S. Dist. LEXIS 43838. at *10 (S.D.N.Y. March 8, 2021). Plaintiff made numerous attempts to make purchases on the website during September, 2022 without success and will definitely make purchases of items such as New Arrival coffee beans which are sold on the website and which currently cannot be purchased by blind persons.

45. As described above, Plaintiff has actual knowledge of the fact that Defendant's website, Waterbean.coffee, contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually-impaired persons.

46. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Waterbean.coffee and the Waterbean.

47. Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a) constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

48. Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

49. Because of Defendant's denial of full and equal access to, and enjoyment of, the goods, benefits and services of Waterbean.coffee and Waterbean, Plaintiff and the class have

13

suffered an injury-in-fact which is concrete and particularized and actual and is a direct result of defendant's conduct.

## CLASS ACTION ALLEGATIONS

50. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Waterbean.coffee and as a result have been denied access to the enjoyment of goods and services offered in the Waterbean, during the relevant statutory period."

51. Plaintiff seeks certification of the following North Carolina subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in the State of North Carolina who have attempted to access Waterbean.coffee and as a result have been denied access to the enjoyment of goods and services offered in the Waterbean, during the relevant statutory period."

52. There are thousands of visually-impaired persons in North Carolina. There are approximately 8.1 million people in the United States who are visually-impaired. *Id*. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

53. This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Waterbean.coffee and the Waterbean. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and shop on Waterbean.coffee and by extension the goods and services offered through Defendant's website to Waterbean.

14

54. There are common questions of law and fact common to the class, including without limitation, the following:

(a) Whether Waterbean.coffee is a "public accommodation" under the ADA;

(b) Whether Waterbean.coffee is a "place or provider of public accommodation" under the laws of North Carolina;

(c) Whether Defendant, through its website, Waterbean.coffee, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

(d) Whether Defendant, through its website, Waterbean.coffee, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the law of North Carolina.

55. The claims of the named Plaintiff are typical of those of the class. The class, similar to the Plaintiff, is severely visually-impaired or otherwise blind, and claims Waterbean has violated the ADA, and/or the laws of North Carolina by failing to update or remove access barriers on their website, Waterbean.coffee, so it can be independently accessible to the class of people who are legally blind.

56. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

57. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

58. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

59. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

### FIRST CAUSE OF ACTION
(Violation of 42 U.S.C. §§ 12181 *et seq.* – Title III of the Americans with Disabilities Act)

60. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 of this Complaint as though set forth at length herein.

61. Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability."  42 U.S.C. § 12181(b)(2)(D)(I).

62. The Waterbean located in North Carolina is a sales establishment and public accommodation within the definition of 42 U.S.C. §§ 12181(7)(H).  Waterbean.coffee is a

service, privilege or advantage of Waterbean. Waterbean.coffee is a service that is by and integrated with the Coffee Shops.

63. Defendant is subject to Title III of the ADA because it owns and operates the Waterbean.

64. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

65. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

66. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

67. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter

17

the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

68. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired. These guidelines have been followed by other business entities in making their websites accessible, including but not limited to ensuring adequate prompting and accessible alt-text. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

69. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq*., and the regulations promulgated thereunder. Patrons of Waterbean who are blind have been denied full and equal access to Waterbean.coffee, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

70. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

71. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Waterbean.coffee and Waterbean in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*. and/or its implementing regulations.

72. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

18

73. The actions of Defendant were and are in violation of the ADA, and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

74. Plaintiff is also entitled to reasonable attorneys' fees and costs.

75. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
(Declaratory Relief)

76. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 75 of this Complaint as though set forth at length herein.

77. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Waterbean.coffee contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Waterbean.coffee and by extension Waterbean, which Waterbean owns, operates and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the American with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., prohibiting discrimination against the blind.

78. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*.;

19

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Waterbean.coffee, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Waterbean.coffee is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, Waterbean.coffee, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under Federal and State laws;

f) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

g) For pre- and post-judgment interest to the extent permitted by law; and

h) For such other and further relief which this court deems just and proper.

This is the 5th day of October, 2022

LAW OFFICES OF SANJAY R. GOHIL, PLLC

By:___/s/ Sanjay R. Gohil_____
      Sanjay R. Gohil
      NC State Bar No. 24250
      2435 Plantation Center Drive, Suite 200
      Matthews, NC 28105
      Telephone: (704) 814-0729
      Facsimile: (704) 814-0730
      E-mail: srg@gohillaw.com

      Counsel for Plaintiff


-   And  -


Of Counsel:

SHAKED LAW GROUP, P.C.

By: /s/ Dan Shaked_____
Dan Shaked, Esq.
14 Harwood Court, Suite 415
Scarsdale, NY 10583
Tel. (917) 373-9128
E-mail: ShakedLawGroup@Gmail.com

21